# Exhibit B

Affidavit of Colleen McCormick

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Hussey Copper Corp.,[1] | ) | Case No. 11-(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Hussey Copper Ltd., | ) | Case No. 11-(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| OAP Real Estate, LLC, | ) | Case No. 11-(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Cougar Metals, Inc., | ) | Case No. 11-(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Orbie Trading, L.P., | ) | Case No. 11-(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Hussey Exports Ltd., | ) | Case No. 11-(___) |
| | ) | |
| Debtor. | ) | Joint Administration Requested |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Hussey Copper Corp. (9993); Hussey Copper Ltd. (9994); OAP Real Estate, LLC (1298); Cougar Metals, Inc. (1674); Orbie Trading, L.P. (4969); and Hussey Exports Ltd. (8997). The Debtors' address is 100 Washington Street, Leetsdale, Pennsylvania 15056.

**AFFIDAVIT OF COLLEEN MCCORMICK IN SUPPORT OF DEBTORS' MOTION
FOR ENTRY OF AN ORDER PURSUANT TO 28 U.S.C. § 156(c), BANKRUPTCY
RULE 2002(f) AND LOCAL BANKRUPTCY RULE 2002-1(f) AUTHORIZING
THE RETENTION OF DONLIN, RECANO & COMPANY, INC. AS CLAIMS,
NOTICING, AND BALLOTING AGENT TO THE
<u>DEBTORS AND DEBTORS-IN-POSSESSION</u>**

STATE OF NEW YORK )
                              ) ss.
COUNTY OF NEW YORK )

        Colleen McCormick, being duly sworn upon his oath, deposes and says:

        1.     I am the COO of Donlin, Recano & Company, Inc. ("<u>Donlin, Recano</u>"), a data processing company specializing in the administration of large bankruptcy cases with offices located at 419 Park Avenue South, New York, New York 10016, and I make this affidavit on behalf of Donlin, Recano (the "<u>Affidavit</u>"). I submit this Affidavit in support of the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), for an order authorizing the retention of Donlin, Recano as claims, noticing and balloting agent to the Debtors pursuant to the terms and conditions set forth in the agreement attached to the Motion as **Exhibit A** (the "<u>Donlin, Recano Agreement</u>"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

        2.     Donlin, Recano is one of the country's leading chapter 11 claim management companies with expertise in noticing, claims processing, claims reconciliation, balloting and distribution. Donlin, Recano is well qualified to provide the Debtors experienced services as claims, noticing and balloting agent in connection with these chapter 11 cases. Donlin, Recano has provided identical or substantially similar services in other Chapter 11 cases filed in this District and elsewhere, including, among others: <u>In re: Townsends, Inc., et al</u>, Case

---

[2] Capitalized terms used, but not otherwise defined, herein shall have those meanings ascribed to them in the Motion.

No. 10-14092 (CSS) (Bankr. D. Del. 2010); In re: Emivest Aerospace Corporation, Case No. 10-13391 (MFW) (Bankr. D. Del. 2010); In re Wolverine Tube, Inc., et al, Case No. 10-13522 (PJW) (Bankr. D. Del. 2010); In re: The Penn Traffic Company, et al, Case No. 09-14078 (PJW) (Bankr. D. Del. 2009); In re: Butler Services International, Inc., et al., Case No. 09-11914 (KJC) (Bankr. D. Del. 2009); In re: Everything But Water, LLC, et al., Case No. 09-10649 (MFW) (Bankr. D. Del. 2009); In re: Lillian Vernon Corporation, et al, Case No. 08-10323 (BLS) (Bankr. D. Del. 2008); In re: Hancock Fabrics, Inc., et al, Case No. 07-10353 (BLS) (Bankr. D. Del. 2007); In re Freedom Rings, LLC, Case No. 05-14268 (CSS) (Bankr. D. Del. 2005).

3. The compensation arrangement provided for in the Donlin, Recano Agreement is consistent with and typical of arrangements entered into by Donlin, Recano and other such firms with respect to rendering similar services for clients such as the Debtors.

4. The Debtors will pay Donlin, Recano fees and expenses upon the submission of monthly invoices in which Donlin, Recano will summarize, in reasonable detail, the services for which compensation is sought.

5. Donlin, Recano represents, among other things, that:

(a) it is not employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims, noticing and balloting agent in these chapter 11 cases;

(b) by accepting employment in these chapter 11 cases, Donlin, Recano waives any rights to receive compensation from the United States government;

(c) in its capacity as the claims, noticing and balloting agent in these chapter 11 cases, Donlin, Recano will not be an agent of the United States and will not act on behalf of the United States in these cases; and

(d) in its capacity as the claims, noticing and balloting agent in these chapter 11 cases, Donlin, Recano will not misrepresent any fact to any person; and

(e) Donlin, Recano will not employ any past or present employees of the Debtors in connection with its work as the claims, noticing and balloting agent in these chapter 11 cases.

6. To the best of my knowledge and belief, neither Donlin, Recano, nor any employee of Donlin, Recano holds nor represents any interest adverse to the Debtors or their estates with respect to matters upon which Donlin, Recano is to be engaged.

7. To the best of my knowledge and belief, and except as described herein, neither I nor Donlin, Recano nor any officer or director of Donlin, Recano has any connection or relationship with the Debtors, their creditors, or any other parties in interest in these cases (or their attorneys or accountants) that would conflict with the scope of Donlin, Recano's retention or would create any interest adverse to the Debtors' estates, any statutorily appointed committee or any other party in interest.

8. I am not related or connected to and, to the best of my knowledge, no other employee of Donlin, Recano is related or connected to any United States Bankruptcy Court Judge or District Court Judge for the District of Delaware or the United States Trustee for the District of Delaware or to any employee in the offices thereof.

9. The Debtors have thousands of creditors and, from time to time, Donlin, Recano may have represented certain of those creditors in completely unrelated matters. The

Debtors have provided me with a list of the Debtors' creditors and other parties-in-interest (the "Conflicts List"). I have caused an examination of these records to be made to determine which, if any, of the parties on the Conflicts List, Donlin, Recano may have represented in the past or may be representing at the present time in totally unrelated matters. This search has disclosed that to the best of my present knowledge, Donlin, Recano has not in the past and is not currently representing any of the parties on the Conflicts List.

10. In addition, Donlin, Recano has identified numerous creditors/vendors appearing on the Conflicts List that are also creditors/vendors of Donlin, Recano, but Donlin, Recano has not in the past, and is not currently, representing any of those creditors/vendors.

11. Donlin, Recano is a division of DF King Worldwide ("King Worldwide"). King Worldwide is a global financial communications and stakeholder management company. Within the King Worldwide corporate structure, Donlin, Recano operates as a separate, segregated business unit. As such, any relationships that King Worldwide and its divisions maintain do not create an interest of Donlin, Recano that would be materially adverse to the Debtors' estates or any class of creditors or equity security holders.

12. Since the Debtors have not yet filed a full list of its creditors, there may be other creditors of the Debtors, that Donlin, Recano may have or may be presently representing, but in no event is Donlin, Recano representing any other creditor with respect to the Debtors' bankruptcy proceeding. To the extent I become aware of Donlin, Recano having represented any other creditors of the Debtors, I will file a supplemental affidavit advising the Court of the same. To the extent that Donlin, Recano discovers any facts bearing on matters described herein, Donlin, Recano will supplement information contained herein.

13.	Notwithstanding anything contained herein, as part of its diverse business, Donlin, Recano is the noticing, claims and balloting agent for debtors in numerous cases involving many different creditors (including taxing authorities), professionals, including attorneys, accountants, investment bankers and financial consultants, some of which may be creditors or represent creditors and parties-in-interest in these chapter 11 cases. In addition, Donlin, Recano has in the past and will likely in the future continue working with or against other professionals involved in these chapter 11 cases in matters unrelated to these chapter 11 cases. Based upon my current knowledge of the parties involved, and to the best of my knowledge, none of these business relations constitute interests adverse to that of the creditors, or the Debtors' estates, with respect to the matter upon which Donlin, Recano is to be engaged.

14.	Based upon the information available to me, I believe that Donlin, Recano is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and holds no interest adverse to the Debtors or their estates for the matters for which Donlin Recano is to be employed. Prior to the filing of the chapter 11 cases, the Debtors paid Donlin, Recano a retainer of $25,000.00.

15.	There is no agreement or understanding between Donlin, Recano and any other person or entity for sharing compensation received or to be received for services rendered by Donlin, Recano in connection with these chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DONLIN, RECANO & COMPANY, INC.

*(signature)*

Colleen McCormick
COO
Donlin, Recano & Company, Inc.

Subscribed and Sworn to before me
this  16TH day of September 2011

*(signature)*

Notary Public
WILLIAM ANDREW LOGAN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02LO6103254
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES... December 22, 2011