## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Hussey Copper Corp., *et al.*[1] ) | Case No. 11-13010 (BLS) |
| ) | |
| Debtor. ) | Jointly Administered |
| ) | Related to Docket No. 19, 44 |

### ORDER (A) APPROVING BID PROCEDURES RELATING TO SALE OF DEBTORS' ASSETS; (B) SCHEDULING HEARING TO CONSIDER SALE AND APPROVING FORM AND MATTER OF NOTICES; (C) APPROVING EXPENSE REIMBURSEMENT PROVISION; AND (D) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of Hussey Copper Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), requesting entry of an order (A) approving certain bid procedures with respect to the proposed Sale[2] of substantially all of the assets of Hussey Copper Ltd., OAP Real Estate, LLC and Cougar Metals, Inc. (the "Acquired Assets"), as more fully set forth in either (i) that certain asset purchase agreement by and between the Debtors and KHC Acquisition, LLC ("Kataman") or (ii) a form asset purchase agreement, (B) scheduling a hearing (the "Sale Hearing") and approving the form and manner of notice of the Auction, the Bid Procedures and certain Assumption and Assignment Procedures, (C) approving the Expense Reimbursement provision and Break Up Fee, to the extent applicable and (D) granting related relief; and the Court having determined that, to the extent set forth herein, the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; due and appropriate notice of the Motion and the relief requested therein was provided

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Hussey Copper Corp. (9993); Hussey Copper Ltd. (9994); OAP Real Estate, LLC (1298); Cougar Metals, Inc. (1674); Orbie Trading, L.P. (4969); and Hussey Exports Ltd. (8997). The Debtors' address is 100 Washington Street, Leetsdale, Pennsylvania 15056.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

by the Debtors, pursuant to Bankruptcy Rules 4001(b) and 4001(c)(1), to (i) the Office of the United States Attorney for the District of Delaware; (ii) counsel to Kataman; (iii) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; (iv) counsel to PNC Bank, National Association, as lender, issuer and agent for the Debtors' pre-petition and post-petition secured lenders; (v) all entities known to have asserted any lien, claim, interest or encumbrance in or upon and of the Acquired Assets; (vi) all taxing authorities or recording offices which have a reasonably known interest in the Debtors, including the Internal Revenue Service; (vii) the Environmental Protection Agency; (viii) the state/local environmental agencies in the jurisdictions where the Debtors own or lease real property; (ix) all counter-parties to contracts with the Debtors; (x) all entities known to have expressed a bona fide interest in acquiring all or portions of the Acquired Assets; (xi) the Office of the United States Trustee for the District of Delaware; (xii) the 2002 List; (xiii) counsel to Schneider Electric USA, Inc.; (xiv) counsel to the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (United Steelworkers, AFL-CIO); and (xv) the Pension Benefit Guaranty Corporation (collectively, the "Notice Parties"); and the remainder of the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, CONCLUDED AND DECLARED THAT:**[3]

1. This Court has jurisdiction over this matter and over the property of the Debtors and their bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (M) and (O). Venue in this judicial district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

2.  The statutory and rule-based predicates for the relief sought in the Motion are sections 105, 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6003, 6004, 6006, 9007 and 9014, and Local Rule 6004-1.

3.  Notice of the Motion and proposed entry of this Order has been provided to the Notice Parties. In addition, under the urgent circumstances, requisite notice of the Motion and the relief requested thereby and this Order has been provided in accordance with Bankruptcy Rules 4001(c), 4001(d) and 9014, which notice is sufficient for all purposes under the Bankruptcy Code, including, without limitation, Bankruptcy Code section 102(1), and no further notice of, or hearing on, the Motion or this Order is necessary or required.

4.  The Debtors' proposed notice of the (i) proposed Sale, (ii) bid procedures attached hereto as **Exhibit "1"** (the "Bid Procedures"), (iii) Assumption and Assignment Procedures attached hereto as **Exhibit "2"** and (iv) Cure Notice and Supplemental Contract Notice, in substantially the forms attached hereto as **Exhibits "4"** and **"5"** respectively, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale of the Acquired Assets, the Auction, the Kataman Agreement (as defined below), the Bid Procedures and the proposed Cure Amounts to be employed in connection therewith.

5.  The Debtors have articulated good and sufficient reasons for, and the best interests of their estates will be served by, this Court granting the relief requested in the Motion, including approval of: (1) the Bid Procedures, (2) the Expense Reimbursement as provided for in the Bid Procedures and in the Asset Purchase Agreement by and among Hussey Copper Ltd., Cougar Metals, Inc. and OAP Real Estate, LLC, as Sellers and KHC Acquisition, LLC, as Buyer, dated as of October 21, 2011 (the "Kataman Agreement"), (3) the Assumption and Assignment Procedures attached hereto as **Exhibit "2,"** (4) the Auction and Sale Notice attached hereto as

**Exhibit "3"** (the "Auction and Sale Notice") and (5) the Cure Notice and Supplemental Contract Notice attached hereto as **Exhibits "4" and "5."**

6.  The Debtors have articulated good and sufficient reasons for, and the best interests of their estates will be served by, this Court scheduling a subsequent Sale Hearing to consider granting other relief requested in the Sale Motion, including approval of the Sale and the transfer of the Acquired Assets to the Successful Bidder free and clear of all liens, claims, interests and encumbrances (other than permitted encumbrances and expressly assumed liabilities) pursuant to section 363(f) of the Bankruptcy Code.

7.  The Expense Reimbursement is an essential inducement and condition relating to Kataman's entry into, and continuing obligations under, the Kataman Agreement. Unless Kataman is assured that the Expense Reimbursement will be available, Kataman is unwilling to remain obligated to consummate the Sale or otherwise be bound under the Kataman Agreement (including the obligations to maintain its committed offer while such offer is subject to higher or otherwise better offers as contemplated by the Bid Procedures). The bid protections induced Kataman to submit a bid that will serve as a minimum or floor bid at the Auction on which the Debtors, their creditors and other bidders can rely. Kataman has provided a material benefit to the Debtors and their creditors by increasing the likelihood that the best possible purchase price for the Debtors' assets will be received. Accordingly, the Expense Reimbursement provides an actual benefit to the Debtors' estates, is necessary to preserve the Debtors' estates, represents the best method for maximizing value for the benefit of the Debtors' estates and is reasonable and appropriate under the circumstances.

8. The form and scope of the Auction and Sale Notice is reasonably calculated to provide all interested parties with timely and proper notice of the Sale, the Sale Hearing, the Bid Procedures and the Auction.

9. The notices to counterparties of Assumed Contracts provided in accordance with the Assumption and Assignment Procedures are reasonably calculated to provide all counterparties to the Assumed Contracts with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any Cure Amounts associated therewith.

10. The entry of this Order is in the best interests of the Debtors, their estates, creditors and other parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Motion is granted, to the extent set forth herein.

2. This Order shall be valid, binding and enforceable on all parties in interest and fully effective immediately upon entry.

3. The Bid Procedures attached hereto as **Exhibit "1"** are hereby approved and fully incorporated into this Order, and shall apply with respect to the proposed Sale of the Acquired Assets. The Debtors are authorized to take any and all actions necessary to implement the Bid Procedures.

4. The Assumption and Assignment Procedures attached hereto as **Exhibit "2"** are hereby approved and fully incorporated into this Order.

5. The Cure Notice and the Supplemental Contract Notice attached hereto as **Exhibits "4" and "5"** respectively are hereby approved and fully incorporated into this Order.

6. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

7. The deadline for submitting a Qualified Bid is November 11, 2011 at 12:00 p.m. (prevailing Eastern Time) (the "Bid Deadline").

8. As provided in the Bid Procedures, the Debtors shall conduct the Auction on November 14, 2011 at 10:00 a.m. (prevailing Eastern Time) at the offices of Saul Ewing LLP, Centre Square West, 1500 Market Street, 38th Floor, Philadelphia, Pennsylvania 19102, if more than one Qualified Bid is timely received.

9. The Auction and Sale Notice is approved in all respects. All parties-in-interest shall receive or be deemed to have received good and sufficient notice of all relief sought in the Motion, including but not limited to the Auction, the Bid Deadline, the Bid Procedures, the Sale Hearing, the Sale and the assumption and assignment of the Assumed Contracts if, (a) within two (2) business days of the date of entry of this Order, the Debtors serve the Auction and Sale Notice on (i) all creditors; (ii) the Office of the United States Attorney for the District of Delaware; (iii) counsel to Kataman; (iv) counsel to PNC Bank, National Association, as lender, issuer and agent for Debtors' pre-petition and post-petition secured lenders; (v) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Acquired Assets; (vi) all taxing authorities or recording offices which have a reasonably known interest in the Debtors, including the Internal Revenue Service; (vii) the Environmental Protection Agency; (viii) the state/local environmental agencies in the jurisdictions where the Debtors own or lease real property; (ix) all counter-parties to contracts with the Debtors; (x) all entities known to have expressed a *bona fide* interest in acquiring all or portions of the Acquired Assets; (xi) the Office of the United States

608893.1 10/21/2011

Trustee for the District of Delaware; (xii) the 2002 List; (xiii) counsel to the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (United Steelworkers, AFL-CIO); (xiv) the Pension Benefit Guaranty Corporation; and (xv) counsel for the Official Committee of Unsecured Creditors; and (b) within three (3) business days of the date of entry of this Order or as soon thereafter as is practicable, the Debtors publish notice of the Sale, the time and place of the Auction and the time and place of the Sale Hearing in one daily edition of either the *New York Times* or the *Wall Street Journal*, national editions, or such other national publication selected by the Debtors.

10. The Sale Hearing shall be conducted on November 16, 2011 at 10:00 a.m. (prevailing Eastern Time). The Debtors shall seek entry of an order at the Sale Hearing approving and authorizing the Sale to the Successful Bidder on terms and conditions substantially consistent with the Kataman Agreement, as appropriate, and as such agreement may be amended or modified. Subject to the Bid Procedures, the Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing.

11. Objections, if any, to the relief requested in the Sale Motion must be filed by November 15, 2011 at 4:00 p.m. (prevailing Eastern Time) and must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801, on or before the deadline; and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) counsel to the Debtors, Saul Ewing LLP, 222 Delaware Avenue, Suite 1200, P.O. Box 1266, Wilmington, DE 19899, Attn: Mark Minuti, Esq. and Saul Ewing LLP, Centre Square West, 1500 Market Street, 38th Floor, Philadelphia, PA 19102 Attn: Jeffrey C. Hampton, Esq.; (ii) counsel to Kataman,

McDonald Hopkins LLC, 600 Superior Avenue, E., Suite 2100, Cleveland, OH 44114, Attn: David D. Watson, Esq. and Scott Opincar, Esq.; (iii) counsel to PNC Bank, National Association, as lender, issuer and agent for Debtors' pre-petition and post-petition secured lenders, Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174-0208, Attn: Lawrence F. Flick, II, Esq. and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, Attn: Regina Stango Kelbon, Esq.; (iv) counsel for the Official Committee of Unsecured Creditors, Lowenstein Sandler P.C., 65 Livingston Avenue, Roseland, NJ 07068, Attn: Sharon L. Levine, Esq. and Wojciech F. Jung, Esq., and Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, DE 19801-3062, Attn: Domenic E. Pacitti, Esq.; and (v) the Office of the United States Trustee of the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: David Buchbinder, Esq.

12. The Expense Reimbursement provisions of the Kataman Agreement are hereby approved. In accordance with the Kataman Agreement, the obligation to pay the Expense Reimbursement shall constitute an administrative expense of the Debtors' estates under section 503(b)(1) of the Bankruptcy Code to the extent that Kataman is not the Successful Bidder. Kataman shall not waive the right to payment of the Expense Reimbursement by bidding or rebidding at the Auction. If payment of the Expense Reimbursement is required under the terms of the Kataman Agreement or this Order, the Debtors are authorized to take all necessary steps and are hereby directed, without need for any application, motion or further order of this Court, to pay the Expense Reimbursement to Kataman upon the terms set forth in the Kataman Agreement.

13. The Escrow Agreement (as defined in the Kataman Agreement) is approved and the Debtors are authorized and directed to execute and perform under the Escrow Agreement.

608893.1 10/21/2011

The Escrow Agreement is deemed assumed (to the extent that it is an executory contract under section 365 of the Bankruptcy Code).

14. Pursuant to section 363(k) of the Bankruptcy Code, the Bank Group has a right to "credit bid" the Obligations (as such term is defined in the DIP Financing Agreement) in whole or in part.

15. The Bank Group shall not be obligated to release its liens on the Debtors' assets unless the net proceeds of the Sale indefeasibly pay and satisfy in full the Obligations (as defined in the DIP Financing Agreement).

16. The Bank Group does not consent to any sale transactions that do not indefeasibly pay and satisfy all Obligations (as defined in the DIP Financing Agreement) to the Bank Group in full and in cash. Therefore, no sale may be approved without the Bank Group's consent unless the Bank Group is paid in full in cash.

17. The DIP Agent and DIP Lenders and Pre-Petition Agent and Pre-Petition Lenders (collectively, the "Secured Parties") acknowledge and agree that SSG Capital Advisors, LLC will be entitled to be paid from the gross Sale proceeds at the Closing of any Sale consented to by the Secured Parties.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

20. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

21. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Order shall govern.

22. This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the terms and conditions of the Kataman Agreement and this Order. To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

Dated: Wilmington, Delaware
October 21, 2011

_____
Brendan L. Shannon
United States Bankruptcy Judge

608893.1 10/21/2011