# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 11-13010 (BLS) |
| Hussey Copper Corp., *et al.* | ) | |
| | ) | Objection Deadline: Nov. 9, 2011 @ 4:00 p.m. |
| Debtors. | ) | Hearing Date: Nov. 16, 2011 @ 10:00 a.m. |
| _____ | ) | Ref. D.I. No. 179 |

## CONDITIONAL OBJECTION OF UNITED STEELWORKERS TO NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO·CLC ("United Steelworkers" or "USW"), files this Conditional Objection to the Debtors' Notice of Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases ("Notice") (Docket No. 179) and states, as follows:

1. The USW is the bargaining agent of approximately 380 bargaining unit employees employed by Hussey Copper Ltd. ("Hussey") at one plant located at Leetsdale, Pennsylvania and two plants located at Eminence, Kentucky. Each of the three facilities is covered by a separate collective bargaining agreement between Hussey and the USW.

2. The Debtors list each of the three collective bargaining agreements at Exhibit A to the Notice and describes the cure amount for each agreement as being "$0."

3. Each of the three collective bargaining agreements sets forth Hussey's obligations concerning the wages, benefits and other working conditions of its bargaining unit employees. Further, the Eminence, Kentucky collective bargaining agreements obligate Hussey to continue to maintain a single employer, defined benefit pension plan.

1

4. Hussey and affiliated entities Cougar Metals, Inc. and OAP Real Estate, LLC are parties to an Amended and Restated Asset Purchase Agrement, dated October 21, 2011, with KHC Acquisition ("KHC APA"). The KHC APA provides at Section 2.1(g) that Hussey's collective bargaining agreements with the USW are "Assets" that KHC will purchase. The KHC APA further provides at Section 2.2(g) that among the "Excluded Assets" in the transaction are "any interest in any Seller Employee Benefit Plan." Similarly, the KHC APA provides at Section 2.4(g) that among the "Excluded Liabilities" in the transaction are "except as set forth on Schedule 2.3(b) liabilities with respect to any of Seller's Employee Benefit Plans and Other Plans."[1]

5. The term "Employee Benefit Plan" is defined at Section 1.1 of the KHC APA and includes "any . . . . qualified defined benefit retirement plan or an Employee Pension Benefit Plan . . . ." Section 1.1 of the KHC APA further defines the term "Employee Pension Benefit Plan" as having the definition set forth in "§ 3(2) of ERISA." ERISA defines the term "employee pension benefit plan" as meaning "any plan, fund, or program . . . established or maintained by an employer . . . to the extent that its express terms . . . provides retirement income to employees . . . ." 29 U.S.C. § 1002(2)(A)(i). The defined benefit pension plans established and maintained in the Eminence, Kentucky collective bargaining agreements satisfy this definition, and, as such, are proposed to be treated as "excluded assets" and "excluded liabilities" under the KHC APA.

---

[1] The USW does not possess a copy of Schedule 2.3(b) and, in any event, the USW has not consented to KHC's proposed refusal to assume the defined benefit pension obligations.

6. Section 365(k) of the Bankruptcy Code permits the assumption and assignment of executory contracts to relieve a debtor of liabilities for any breach arising after the assignment, as follows:

> "Assignment by the trustee to any entity of a contract or lease assumed under this section relieves the trustee and the estate from any liability for any breach of such contract or lease occurring after such assignment."

11 U.S.C. § 365(k). It is black-letter law that "an assignment of a contract as such involves a commitment by the assignee to perform all obligations under the contract, as well as to acquire all rights created by the contract." *American Flint Glass Wkrs v. Anchor Resolution Corp.*, 197 F.3d 76, 81 (3d Cir. 1999). "Should the debtor-in-possession elect to assume the executory contract, . . ., it assumes the contract *cum onere*, . . ., and the expenses and liabilities incurred may be treated as administrative expenses, which are afforded the highest priority on the debtor's estate, 11 U.S.C. § 503(b)(1)(A) . . . ." *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531-32 (1984) (citing *In re Italian Cook Oil Corp.*, 190 F.2d 994, 996 (3d Cir. 1951)).

7. In *Anchor Resolution*, the debtors were parties to a collective bargaining agreement that obligated the debtors to make certain retroactive wage payments in the event of a sale of assets. *See Anchor Resolution*, 197 F.3d at 79. The debtors purported to assign the collective bargaining agreement to a purchaser that nevertheless conditioned the acquisition upon either a waiver of the retroactive payments or the entry of a court order relieving the purchaser of the obligation to make these payments. *Id.* at 81. The Third Circuit found that the terms of the asset purchase agreement did not effect an assignment of all obligations under the contract, explaining that "[h]aving shifted fewer than all of the obligations (although it did assign all of the rights) created by the [relevant] CBAs, [the debtor] remains liable on those contractual obligations." *Id.*

3

8. The KHC APA is defective because KHC does not propose to assume the collective bargaining agreement *cum onere* as KHC presently refuses to assume responsibility for the defined benefit pension plans, which are established and maintained through the Eminence, Kentucky collective bargaining agreements. Hussey has not petitioned for, let alone obtained relief pursuant to Section 1113 of the Bankruptcy Code, 11 U.S.C. § 1113, and, in the circumstances of this case, such extraordinary relief is not warranted. Moreover, the USW has not consented to allowing KHC to walk away from the pension obligations, and this Court could not compel the USW to accept such terms. *See generally, NLRB v. Burns Int'l Securites Svcs., Inc.*, 406 U.S. 272, 287-88 (1972) (finding that as a matter of labor law, a purchaser is not bound to the substantive terms of the precedessor's labor agreement and observing that a union likewise is not compelled or bound to accept these terms, explaining that "[t]he congressional policy manifest in the [National Labor Relations Act] is to enable the parties to negotiate for any protection either deems appropriate, but to allow the balance of bargaining advantage to be set by economic power realities").[2]

9. In addition to the above, under any collective bargaining agreement, there are always amounts owing at all times for obligations including unpaid wages, accrued vacation, unpaid medical claims, sickness and accident pay, and contributions owing to pension and welfare plans. In addition, there typically are obligations owing in connection with pending grievances and arbitration cases. The precise amounts owing under the collective bargaining

---

[2] Nothing herein shall be held to limit the right of the USW to raise these and other arguments in any objection that it may file to Hussey's Section 363 motion or to enforce its rights under its collective bargaining agreements through the grievance and arbitration procedures contained therein.

agreements may be determined through a review of Hussey's payroll and personnel records as the USW, as the bargaining agent, does not possess this information.

10. In light of the above, in the event that a purchaser determines to assume any or all of the Hussey's collective bargaining agreements with the USW, and in order to effectuate an assumption and assignment of the USW collective bargaining agreements, Hussey and the purchaser must agree, as follows:

> " In accepting the assumption and assignment of the three USW collective bargaining agreements, the Buyer agrees that it shall pay in the ordinary course all obligations arising under the collective bargaining agreements, whether such obligations accrued or arose prior to the Closing Date, which shall include processing and paying any arbitral awards entered in any grievance filed prior to the Closing Date."

In the absence of the above recited language, or its equivalent, the purported assumption and assignment of the three USW collective bargaining agreements cannot relieve Hussey of all obligations arising thereunder to the extent that Hussey seeks cure amounts of $0 for each of the agreements.

WHEREFORE, for the reasons stated above, the United Steelworkers respectfully requests that the Debtors' request to assume and assign the USW collective bargaining agreements be denied.

November 9, 2011                                    Respectfully submitted,

                                                    */s/ Susan E. Kaufman*
                                                    Susan E. Kaufman (DSB#3381)
                                                    COOCH AND TAYLOR, P.A.
                                                    1000 West Street, 10th Floor
                                                    The Brandywine Building
                                                    Wilmington, DE 19899
                                                    (302) 984-3893 / (302) 984-3939 Fax
                                                    Skaufman@coochtaylor.com

Richard M. Seltzer, Esq.
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY 10036
(212) 563-4100 / (646) 473-8230 Fax
rseltzer@cwsny.com


David R. Jury
Associate General Counsel
UNITED STEELWORKERS
Five Gateway Center, Room 807
Pittsburgh, PA 15222
(412) 562-2545
djury@usw.org

Counsel for United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union